# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUNE CHA NAROD** : | CIVIL ACTION |
| *Plaintiff* : | |
| : | NO. 16-0227 |
| v. : | |
| : | |
| **NANCY A. BERRYHILL,**[1] : | |
| **Acting Commissioner of Social Security** : | |
| *Defendant* : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                          OCTOBER 6, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff June Cha Narod ("Plaintiff") brings this counseled action pursuant to 42 U.S.C. §405(g) seeking review of the final decision of the Social Security Commissioner which partially denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Specifically, the Administrative Law Judge (the "ALJ") concluded that Plaintiff was disabled as of January 1, 2014, based on a combination of her severe impairments of mood disorders and carpal tunnel syndrome. Plaintiff seeks limited review of the unfavorable portion of the ALJ's decision that denied her benefits for the period between her claimed alleged onset date of disability of July 19, 2012, and January 1, 2014, the date Plaintiff was found disabled.

The matter was referred to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation ("R&R"). On May 11, 2017, Magistrate Judge Sitarski issued a thorough and well-reasoned R&R, and recommended that Plaintiff's request for review be denied. [ECF

---

[1]   Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Berryhill is substituted for Carolyn W. Colvin as the Defendant in this case.

15]. Plaintiff filed timely objections. [ECF 16]. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, ("Defendant"), did not file any response to the objections.

The matter is ripe for disposition. For the reasons stated herein, this Court approves and adopts the R&R, overrules Plaintiff's objections, and denies Plaintiff's request for review.

**BACKGROUND**

The factual and procedural backgrounds of this case are set forth in detail in the R&R and will be recited in this Memorandum Opinion only when necessary to address the issues presented by Plaintiff's objections. To provide context to the arguments, suffice it to state that Plaintiff was born in 1949, worked as a coordinator in a hospital anesthesia department and when her daily job responsibilities were expanded to include a second department in 2012, her anxiety and depression disorders returned. The primary issue in this appeal is whether error was committed by the ALJ in finding that as of Plaintiff's claimed alleged onset date of disability, July 19, 2012, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments necessary to be found disabled without consideration of the claimant's age, education, or work experience. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. In her R&R the Magistrate Judge found no such error. Plaintiff has now objected to the R&R on the basis that the Magistrate Judge erred in finding that the ALJ properly (1) discounted the opinions of Plaintiff's experts and (2) assessed the credibility of Plaintiff's husband.

**LEGAL STANDARD**

Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v.*

*Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In conducting its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. §636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7. Objections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review. *Becker v. Tennis*, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011) (declining to address contentions included in petitioner's objections, concluding that they are "nothing more than a restatement of the underlying claims contained in his petition") (citing *Morgan v. Astrue*, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)).

Judicial review of an administrative decision is, however, limited in scope. In reviewing a Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the factual findings of the ALJ in order to determine whether these findings are supported by substantial evidence. *See* 42 U.S.C. §405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence,

the court may not set it aside "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

**DISCUSSION**

In her objections, Plaintiff essentially reasserts arguments she presented to the Magistrate Judge; *to wit*: the ALJ failed to credit all of the expert opinions for erroneous or nonexistent reasons and the testimony of Plaintiff's husband. Specifically, Plaintiff contends that the ALJ improperly discounted the medical opinion evidence offered by her treating psychologist, Adam Tanzer, Ph.D., her primary physician, Anne B. Whalen, D.O., and an examining independent psychiatrist, Perry Shaw, M.D.; and failed to assess the credibility of Plaintiff's husband, Charles Narod. Though this Court need not conduct a *de novo* review of objections that merely parrot arguments provided to and addressed by the Magistrate Judge, this Court will address Plaintiff's objections.

Plaintiff primarily contends, as she did before the Magistrate Judge, that the ALJ failed to give appropriate weight to the opinions of Plaintiff's treating physicians. In the response to the complaint, Defendant argued, and the Magistrate Judge agreed, that the ALJ's assessment of the treating physicians' opinions was supported by substantial evidence. Notwithstanding Plaintiff's repeated arguments to the contrary, this Court finds no error was committed in the ALJ's assessment of these treating physicians' opinions or in the Magistrate Judge's recommendation regarding the approval of the ALJ's determination.

Although "treating physicians' opinions are assumed to be more valuable than those of non-treating physicians," this "assumption does not turn on impermissibly mechanical deference to the treating physician's opinion." *Cyprus Cumberland Res. v. Dir., Office of Workers' Compensation Programs*, 170 F. App'x 787, 792 (3d Cir. 2006). An ALJ's decision to reject the

4

opinion of a treating physician is proper where the physician's own treatment records do not support his/her opinion and the record contains medical evidence contrary to the opinion rendered. *See Grogan v. Comm'r of Soc. Sec.*, 459 F. App'x 132, 137-38 (3d Cir. 2012); *Santiago v. Astrue*, 2012 WL 1080181, at *9 (E.D. Pa. Mar. 28, 2012). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Brown v. Astrue*, 649 F.3d 193, 196 n.2 (3d Cir. 2011). As such, the ALJ was not required to blindly accept the opinions of Plaintiff's doctors without consideration of the entire record. The ALJ determines how much weight a treating physician's opinion is to be afforded based on factors, such as, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with record evidence, and the physician's specialization. *See Colvin v. Comm'r Soc. Sec.*, 675 F. App'x 154, 157 (3d Cir. Jan. 18, 2017); 20 C.F.R. §404.1527(c)(2)-(6).

Plaintiff objects to the ALJ's stated reasons for rejecting the opinions of her treating psychologist, Dr. Tanzer, as not valid. Specifically, Plaintiff objects to the ALJ's finding that Dr. Tanzer's "highly restrictive assessment is not supported by his treatment notes of record or the other evidence of record." Plaintiff argues that Dr. Tanzer opined that she suffered from Major Depressive Disorder with signs and symptoms, *inter alia,* of poor memory, appetite disturbance, sleep disturbance, mood disturbance, emotional liability, anhedonia or pervasive loss of interest and generalized persistent anxiety. Plaintiff explained that though she treated with Dr. Tanzer since August 2012, and the progress notes consistently indicated that Plaintiff had a "good" prognosis, Dr. Tanzar's assessment was a hopeful one but that he concluded in 2014 that it was no longer realistic to expect such improvement. Notwithstanding the explanation offered, the ALJ considered all the medical evidence before him. The ALJ also

took note that Plaintiff's course of treatment with Dr. Tanzer had been relatively conservative consisting of psychotropic medication and biweekly or monthly treatment visits. The ALJ also noted other evidence of record that contradicted Dr. Tanzer's opinion and explanation. For example, Plaintiff's primary care physician, Dr. Whalen, determined that Plaintiff was capable of returning to her position as an eight-hour a day manager in the anesthesia department. Dr. Whalen described Plaintiff as having normal knowledge, language, insight, judgment, attention span, memory, and concentration. Dr. Whalen further found that Plaintiff could accept responsibility for control, direction or planning of an activity, perform repetitive work according to set procedures, express personal feelings, work alone or in isolation, and make judgments and decisions. Based on the evaluation of Plaintiff's mental condition, Dr. Whalen recommended continued counseling and medication management.[2] Plaintiff's self-reported activities of daily living further lend support to the ALJ's decision to discount Dr. Tanzer's disability determination. Plaintiff's described daily activities included preparing meals, completing household tasks, participating in exercise classes, driving, shopping, and attending family gatherings. Based upon the totality of the evidence of record, the ALJ's decision to not afford credit to the opinion of Dr. Tanzer was supported by substantial evidence. Therefore, the objection is overruled.

Plaintiff next contends that the ALJ "ignored" various aspects of Dr. Whalen's opinion. As the Magistrate Judge found, however, it is clear that the ALJ gave Dr. Whalen's opinion the requisite consideration. The ALJ acknowledged Dr. Whalen's status as a treating physician, and

---

[2] In her objections, Plaintiff also contends that the Magistrate Judge erroneously relied upon the findings of Dr. Whalen to support the ALJ's rejection or discounting of Dr. Tanzer's opinions because the ALJ did not specifically make mention of or rely upon Dr. Whalen's findings when assessing Dr. Tanzer's opinions. Plaintiff's argument is misplaced. In the decision, the ALJ noted consideration of "other evidence of record" in assessing the opinions of Dr. Tanzer. This "other evidence of record," including the opinion of Dr. Whalen, is discussed elsewhere in the ALJ's decision.

gave "some weight" to Dr. Whalen's opinion. In particular, the ALJ gave Dr. Whalen's opinion weight to the extent it was interpreted as restricting Plaintiff from her past relevant work, as found by the ALJ at step four of the sequential evaluation process. As such, it is clear that the ALJ considered Dr. Whalen's assessment as a whole, finding that it was only credible to the extent it supported the conclusion that Plaintiff could not return to her past relevant work.

Plaintiff next contends, as she did before the Magistrate Judge, that the ALJ improperly discounted the opinion of Dr. Shaw. Dr. Shaw conducted a one-hour mental health evaluation of Plaintiff and concluded that Plaintiff was unable to perform any employment. Due to the limited nature of the one-time evaluation, and its inconsistency with other evidence of record discussed in the ALJ's decision, the ALJ gave Dr. Shaw's opinion little weight. As set forth by the Magistrate Judge, the ALJ's decision in this regard is supported by the same substantial evidence that supports the ALJ's rejection of Dr. Tanzer's opinion. Thus, the objection is overruled.

Lastly, Plaintiff argues, as she did before the Magistrate Judge, that the ALJ erred by making no express credibility finding and rejecting the testimony of Plaintiff's husband. This Court, for the same reasons outlined by the Magistrate Judge, disagrees. First, the ALJ did not reject Plaintiff's husband's testimony. While an ALJ must make a credibility finding regarding the claimant's own testimony, the ALJ need not make an explicit credibility finding regarding the lay testimony itself. *Mayall v. Colvin*, 2015 WL 5000726, at *2 (E.D. Pa. Aug. 11, 2015); *Watson v. Astrue*, 2009 WL 678717, at *4 (E.D. Pa. Aug. 31, 2010). In her objections, Plaintiff has provided no case law to the contrary. In the decision, the ALJ set forth the substance of Mr. Narod's testimony, thereby, clearly showing that said testimony was considered. In addition and as concluded by the Magistrate Judge, Mr. Narod's testimony was merely cumulative of that provided by Plaintiff herself. For these reasons, Plaintiff's objection is overruled.

**CONCLUSION**

After careful review of the evidence in the record and the submissions of the parties, this Court finds that substantial evidence supports the decision of the ALJ. Accordingly, for the reasons stated herein, Plaintiff's objections are overruled, the R&R is approved and adopted, and Plaintiff's request for review is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDCJ.